753 F.Supp.2d 202 (2010)
V.D.B. PACIFIC B.V. et al., Plaintiffs,
v.
Margie CHASSMAN et al., Defendants.
No. 09 Civ. 8081(VM).
United States District Court, S.D. New York.
October 29, 2010.
*203 Michael Mantell, Michael Mantell, Esq., New York, NY, for Plaintiffs.
Stanley K. Shapiro, The Law Offices of Stanley K. Shapiro, Pincus David Carlebach, Law Offices of David Carlebach, New York, NY, for Defendants.

DECISION AND ORDER
VICTOR MARRERO, District Judge.
Plaintiffs V.D.B. Pacific B.V. ("V.D.B.") and JeGeCla B.V. ("JeGeCla") (collectively, "Plaintiffs") brought this action against defendants Margie Chassman ("Chasman") and Mordechai Jofen ("Jofen"), asserting in their second amended complaint (the "Second Amended Complaint"), among other causes of action, claims against Chassman and Jofen alleging improper dishonoring of checks. On telephone conferences with the parties on June 11, July 22, and August 17, 2010 (collectively, the "Telephone Conferences"), Jofen indicated that he intended to move to dismiss the Second Amended Complaint. After discussing the basis for Jofen's contemplated motion with the parties, the Court directed Jofen and Plaintiffs to submit letter-briefs stating their respective arguments and supporting authorities.[1] The Court indicated that it would deem Jofen's letter-briefs as a motion to dismiss pursuant to Rule 12(b)(1) ("Rule 12(b)(1)") and Rule 12(b)(6) ("Rule 12(b)(6)") of the Federal Rules of Civil Procedure, and determine on the basis of the Telephone Conferences and a review of the parties' Letter-Briefs whether Jofen's claims should be dismissed at the pleading stage. See Fed. R.Civ.P. 12(b)(1) and (6). For the reasons discussed below, Jofen's motion is DENIED.

I. DISCUSSION

A. BACKGROUND[2]
The Second Amended Complaint alleges two causes of action against Jofen relating to his alleged dishonoring of four checks *204 issued in connection with a securities purchase transaction among the parties. First, V.D.B. asserts a claim based on two checks that Jofen wrote payable to it. The first check was made out by Jofen on March 3, 2007, for $60,885. The second was signed by Jofen on May 1, 2007, for the same amount (for an aggregate of $121,770).[3] Second, JeGeCla alleges a count based on Jofen's two checks made payable to it for $55,873 each (for a total of $111,746), also dated March 3, 2007 and May 1, 2007, respectively. Payment was dishonored on all four of the checks (the "Dishonored Checks").

B. SUBJECT MATTER JURISDICTION

At the threshold, Jofen contends that the Court should dismiss the Second Amended Complaint against him under Rule 12(b)(1) because the Court does not have jurisdiction over the subject matter of the dispute. See id. at 12(b)(1). Plaintiffs assert federal district court jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. See 28 U.S.C. § 1332(a)(2) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of a State and citizens or subjects of a foreign state[.]"). The Second Amended Complaint alleges that Plaintiffs are citizens of the Netherlands and that Jofen is a citizen of New York. Further, it pleads an amount in controversy of $121,770 between V.D.B. and Jofen as well as $111,746 between JeGeCla and Jofen. Accordingly, on the face of the complaint, Plaintiffs have alleged facts sufficient to establish this Court's jurisdiction.
Nevertheless, Jofen seeks to establish that Plaintiffs' claims against him amount only to $60,885, and therefore fall short of the $75,000 jurisdictional threshold. He argues that "contrary to the allegations in the Second Amended Complaint, only one check was ever presented and dishonored, and the amount of that check does not meet the threshold amount for the Court's subject matter jurisdiction." (Jofen's August 31 Moving Letter-Brief at 2.) To support his contention, Jofen cites to his own sworn statement that he engaged in an admittedly-incomplete investigation by contacting his bank and perusing through his own records concerning the three other checks and that he has found no documentation to support his adversary's lawsuit to evidence that the allegedly Dishonored Checks were either presented or dishonored. (See Jofen's October 8 Reply Letter-Brief at 4 ("As set forth in Rabbi Jofen's reply declaration, in addition to reviewing [Central Yeshiva Beth Joseph's] 2007 and 2008 bank statements, he has contacted CitiBank concerning [three of the allegedly Dishonored Checks]. Based on the investigation so far, there is no evidence in CitiBank's own records that these checks were presented or dishonored. Rabbi Jofen is still investigating this issue along with CitiBank.").)
The Second Circuit "recognize[s] a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy," and that "[i]n order to rebut this presumption, the defendant must show that the complaint was so patently deficient as to reflect *205 to a legal certainty that the plaintiff could not recover the amount alleged or that the damages alleged were feigned to satisfy jurisdictional minimums." See Colavito v. New York Organ Donor Network, Inc., 438 F.3d 214, 221 (2d Cir.2006) (quotation marks, citation, and alteration omitted). As described above, the face of the Second Amended Complaint states that Jofen failed to pay amounts due on two checks to each plaintiff, with each set of checks amounting to over the jurisdictional threshold for each defendant. Plaintiffs have attached copies of the allegedly Dishonored Checks, each of which contains Jofen's signature. (See Second Amended Complaint, Exs. B, C.) Jofen has not presented evidence sufficient to rebut the presumption that Plaintiffs' pleading presents a good faith assertion of the actual amount in controversy, let alone documentation to demonstrate any patent deficiency or feigned pleading by Plaintiffs. See Colavito, 438 F.3d at 221.[4] Moreover, Jofen's statement that both he and CitiBank have conducted still-ongoing investigations of their records and "so far" have found no evidence that the checks in question were presented or dishonored squarely raises a factual dispute that calls for discovery and that at this stage of the litigation must be resolved in Plaintiffs' favor. Accordingly, at this time, the Court is not persuaded on the record before it that any jurisdictional infirmity exists as to the amount in controversy.[5]

C. THE EXISTENCE OF A LEGAL OBLIGATION

Jofen also asserts that no legal obligation exists from which Plaintiffs may enforce payment of the Dishonored Checks. Under New York law, "a check embodies a statutory contract ... to pay the amount of the check in cash. If the check is dishonored, the creditor may sue either on the dishonored check or the underlying debt." Bombardier Capital, Incorporated v. Richfield Housing Center, Inc., 91 Civ. 502, 1994 WL 118294, at *8 (N.D.N.Y. Mar. 21, 1994) (citing N.Y.U.C.C. §§ 3-104(1)(b), 3-104(2)(b), 3-413(2)). Accordingly, the Court finds a legal basis, at the pleading stage, for Plaintiffs to enforce the Dishonored Checks against Jofen.
Jofen also asserts that he cannot be held personally liable for the Dishonored Checks because he merely signed the Dishonored Checks as an authorized agent of an entity named Central Yeshiva Beth Joseph. Despite a significant amount of time to do so, Jofen still has not produced hard evidence of the corporate existence of an entity named "Central Yeshiva Beth Joseph," and further has not demonstrated that Jofen signed the Dishonored Checks *206 in his representative capacity of that alleged legally-recognized organization.[6] In this regard as well Jofen's statements do little more than highlight the existence of material factual issues that require discovery to resolve.
Lastly, Jofen seeks to establish that he has no personal liability under Section 720-a of New York's Not for Profit Corporation Law. See N.Y. NOT-FOR-PROFIT CORP. LAW § 720-a. Section 720-a reads:
[In] an action or proceeding against a trustee brought by a beneficiary of [a] trust, no person serving without compensation as a director, officer or trustee of a corporation, association, organization or trust described in section 501(c)(3) of the United States internal revenue code shall be liable to any person other than such corporation, association, organization or trust based solely on his or her conduct in the execution of such office unless the conduct of such director, officer or trustee with respect to the person asserting liability constituted gross negligence or was intended to cause the resulting harm to the person asserting such liability.
Id. To support this argument here at the motion to dismiss stage, Jofen adds that he "received no compensation for serving as president" of the charity. (Jofen's August 31 Moving Letter-Brief at 3.) At the pleading stage, the Court finds that Jofen's defense gives rise to several issues of fact that, as pointed out above, preclude dismissal. Thus, the Court concludes that granting Jofen's motion is inappropriate.

II. ORDER

Accordingly, for the reasons stated above, it is hereby
ORDERED that the motion of defendant Mordechai Jofen to dismiss the complaint of plaintiffs V.D.B. Pacific B.V. and JeGeCla B.V. is DENIED.
SO ORDERED.
NOTES
[1] The parties submitted the following: a premotion letter-brief from Jofen, dated July 16, 2010 ("Jofen's July 16 Pre-Motion Letter-Brief"); a partial response letter-brief from Plaintiffs, dated August 5, 2010; a moving letter-brief from Jofen, dated August 31, 2010 ("Jofen's August 31 Moving Letter-Brief"); an opposition letter-brief from Plaintiffs, dated September 28, 2010; and a reply letter-brief from Jofen, dated October 8, 2010 ("Jofen's October 8 Reply Letter-Brief") (collectively, the "Letter-Briefs").
[2] The facts below are taken from the Second Amended Complaint, and the documents attached to it or incorporated by reference. The Court accepts these facts as true for the purposes of ruling on a motion to dismiss. See Spool v. World Child Int'l Adoption Agency, 520 F.3d 178, 180 (2d Cir.2008). Except where specifically referenced, no further citation to these sources will be made.
[3] The Second Amended Complaint states that each of these two checks was for $60,085, as opposed to $60,885. However, Plaintiffs list the total of these two checks as $121,770 (which is $60,885 multiplied by two) and the photocopy of the checks attached to the pleading shows that the checks are for $60,885. Therefore, the Court construes the Second Amended Complaint as alleging that each check was for $60,885.
[4] Jofen also moves for partial summary judgment based on Rule 12(d) of the Federal Rules of Civil Procedure because "[a]s can be set forth by [a]ffidavit from Rabbi Jofen, contrary to the allegations contained in the Second Amended Complaint, only one of the four checks, in the amount of $60,885.00 made payable to V.D.B. was presented to the bank and dishonored. Thus, the remaining $60,885.00 of the V.D.B. [c]ause of [a]ction, and the entire JeGeCla [c]ause of [a]ction must be dismissed." (See Jofen's July 16 Pre-Motion Letter-Brief); Fed.R.Civ.P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). The Court finds Jofen's motion premature and to stand on ground that is not yet firm.
[5] If upon further discovery Jofen has a goodfaith basis and evidence to demonstrate that the jurisdictional threshold amount is not met here, or that some part of Plaintiffs' claims should be dismissed based on a record developed through discovery, it is his prerogative to seek leave from the Court to make an appropriate motion at that time.
[6] Jofen additionally argues that Plaintiffs fail to state a claim because, according to Jofen, he signed the Dishonored Checks in his representative capacity only when he placed his title "Rabbi" in front of "Mordechai Jofen" and not simply as "Mordechai Jofen." With due respect for members of the clergy, this representation is not a matter the Court can accept on faith alone and dismiss the action on Jofen's say so. Plaintiffs are entitled to discovery to examine factual questions regarding the capacity in which Jofen signed the checks and his legal authority and precise relationship to the corporate entity.